UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM SCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>CAPITAL ONE, N.A.; and<br>TRANSUNION LLC,<br><br>    Defendants. | Case No.:<br><br>**Complaint for Damages:**<br>    **Violation of Fair Credit**<br>    **Reporting Act** |

Plaintiff, William Scott, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.  INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.  PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Somerset, Maine.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

4. Defendant, Capital One, N.A. ("Capital One") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Maine.

5. At all times pertinent hereto, Defendant Capital One is a "person" as that term is defined in 15 U.S.C. §1681a(b), and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq*.

6. Defendant TransUnion LLC ("Equifax") is a corporation existing under the laws of Maine.

7. Defendant, TransUnion is a credit reporting agency, licensed to do business in Maine.

8. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Maine.

9. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

10. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

11. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III. JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331.

13. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

14. Personal jurisdiction exists over Defendants as Plaintiff resides in Maine, Defendants have the necessary minimum contacts with the state of Maine, and this suit arises out of specific conduct with Plaintiff in Maine.

### IV. FACTUAL ALLEGATIONS

15. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Capital One and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

16. TransUnion is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

17. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

18. TransUnion has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

19. After reviewing Plaintiff's consumer credit reports, Plaintiff discovered the Capital One account 55865040**** (the "Account") being reported in error.

20. Capital One assigned the Account to MIDLAND CRED account #30128**** which double reports the Account for collection with a different account opening date, different payment history, and different account number causing confusion the one Account is two accounts.

21. Because Capital One and Midland both report the Account with a balance past due on Plaintiff's consumer reports, Plaintiff's outstanding debt and number of adverse and delinquent accounts is overstated.

22. The inaccurate Account has become a permanent component of the Plaintiff's credit profile and is reported to those who ask to review the credit history of Plaintiff.

23. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history, creditworthiness, and overstates credit utilization.

### PLAINTIFF'S WRITTEN DISPUTE

24. Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute") on October 17, 2023 disputing the inaccurate information regarding the Account reporting on Plaintiff's TransUnion consumer report.

25. Despite the clarity and detail provided in the TransUnion Dispute, the Account continued to appear on Plaintiff's TransUnion consumer report reporting in duplicate.

26. Upon information and belief, TransUnion forwarded Plaintiff's TransUnion Dispute to Defendant Capital One.

27. Upon information and belief, Capital One received notification of Plaintiff's TransUnion Dispute from TransUnion.

28. Capital One did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the Capital One Account.

29. TransUnion did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

30. Upon information and belief, Capital One failed to instruct TransUnion to remove the false information regarding the Account reporting on Plaintiff's consumer report.

31. TransUnion each employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's TransUnion Dispute.

32. At no point after receiving the TransUnion Dispute did Capital One, and/or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's TransUnion Dispute.

33. TransUnion relied on its own judgment and the information provided to them by Capital One rather than grant credence to the information provided by Plaintiff.

34. TransUnion published the false information regarding the Account to third parties.

35. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

36. Plaintiff has lost time working to resolve the adverse information associated with the Account to prevent harm.

### COUNT I – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

37. Plaintiff re-alleges and reaffirms the above paragraphs 1-36 as though fully set forth herein.

38. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's TransUnion consumer report.

39. Defendant TransUnion 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendants TransUnion published and maintained concerning Plaintiff.

40. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

42. In the alternative, Defendant TransUnion were negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

44. Plaintiff re-alleges and reaffirms the above paragraphs 1-36 as though fully set forth herein.

45. After receiving the Dispute, TransUnion failed to correct the false

information regarding the Account reporting on Plaintiff's TransUnion consumer report.

46. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

47. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

49. In the alternative, Defendant TransUnion were negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

50. Plaintiff is entitled to recover costs and attorneys' fees from Defendants TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – CAPITAL ONE
### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

51. Plaintiff re-alleges and reaffirms the above paragraphs 1-36 as though fully set forth herein.

52. After receiving the TransUnion Dispute, Capital One failed to correct the false information regarding the Capital One Account reporting on Plaintiff's consumer reports.

53. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Capital One's representations; by failing to

review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Capital One's representations to consumer credit reporting agencies, among other unlawful conduct.

54. As a result of this conduct, action, and inaction of Defendant Capital One, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

55. Defendant Capital One's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

56. In the alternative, Defendant Capital One was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

57. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Capital One pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Jury trial;

B. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

C. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

D. The costs of instituting this action together with reasonable attorney's fees

incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted December 11, 2023.

*/s/ Erika L. Frank*
Erika L. Frank, Esq.
The Law Office of Erika L. Frank, Esq.
P.O. Box 2008
Windham, Maine 04062
(207) 892-8484
erikafrank8484@gmail.com
Attorney for Plaintiff